## NOTICE BY SURETY TO CREDITOR TO SUE.

[Common Pleas Court of Lorain County.]

J. T. HASKELL v. DELL P. BEERS AND F. E. WILDMAN.

Decided, January 13, 1906.

*Principal and Surety—Demand by Surety for Suit by Creditor Against Principal—Not Complied with, When.*

Where a surety on a note, in answer to a letter from the owner of the note requesting payment, writes "Please collect of Mr. Beers (the principal) all you can of this amount, and notify me, and I will arrange for the balance," and the owner of the note answers, suggesting that the surety see the principal and secure himself against loss, and the surety immediately replies, saying, "I will try and see Mr. Beers (the principal) soon; am very busy for a few days, and will report to you as soon as I can. Thanks for your suggestion," and nothing further is done by either party in reference to the matter—

*Held:* That that does not constitute a sufficient notice, according to the provisions of Revised Statutes, Section 5833, to relieve the surety, because of the neglect of the owner to bring suit on said note for six years after such correspondence.

WASHBURN, J.

A jury having been waived in this case, it was submitted to the court upon the evidence. It is an action brought upon a promissory note, signed by Dell P. Beers and F. E. Wildman, upon which Mr. Wildman was in fact surety, although that does not appear from the note itself.

After the note became due, it was placed by the owner in the hands of plaintiff, who is an attorney, for collection, and while so in his hands for collection, he wrote to the defendant, Wildman, as follows:

"WELLINGTON, Feb. 27th, 1895.

"F. E. WILDMAN, ESQ.,
        "West Clarksville, O.

"*Dear Sir:* I have placed in my hands for collection a note signed by Dell P. Beers and yourself for $135.48 given Jan. 21, 1892, for 18 months, interest at seven per cent.

"I am instructed to collect this note at once. Please let me hear from you, so if possible to, avoid expense of litigation, and oblige.

"Note given to L. H. Wadsworth.
                                   "Yours truly,
                                             "J. T. HASKELL."

And in reply to said letter said Wildman wrote to said Haskell as follows, on March 2, 1895.

"In reply to your letter of February 27th, will say, I have written to R. M. Goodman in regard to this twice recently, and will say the same to you. Please collect of Mr. Beers all you can of this amount and notify me, and I will arrange for the balance."

To which last letter Haskell wrote the following answer on the 2d day of March, 1895:

"Yours received. I have written Mr. Beers in regard to the note; but have received no reply. If we do not hear from him, we will have to begin legal proceedings which will involve yourself as well as him, and if costs are made and collection can not be made from him, will have to be paid by yourself. I would suggest that you see Mr. Beers and get security from him on the note, and then you take care of it. You may be able to do this even though no collection can be made of him by law. Please let me hear from you at once (I write you this as law suits are apt to be expensive to some one) and oblige."

And on March 4th, Wildman replied to Haskell's letter of March 2d, and said:

"I will try and see Mr. Beers soon. Am very busy for a few days, and will report to you as soon as I can. Thanks for the suggestion."

No further correspondence or communication was had between the parties, and nothing was done by way of bringing suit to collect the note until 1903, when Mr. Haskell purchased the note from the owner and began this suit.

Mr. Wildman has answered, setting up that he was a surety on the note, and claiming that the above correspondence shows

a notice to sue, according to the provisions of Section 5833, Revised Statutes, which, by reason of the failure to sue on said note within a reasonable time, has released him from his liability on the note as surety. No other defense is interposed or claimed. The statute reads:

"A person bound as surety in a written instrument for the payment of money * * * may, if a right of action accrues thereon, require his creditor, by notice in writing, to commence an action on such instrument forthwith against the principal debtor."

And provides that unless such action is begun within a reasonable time, the surety shall be released.

It is claimed that the letter of Wildman of March 2, 1895, contains the notice required by this statute; the language is:

"Please collect of Mr. Beers all you can of this amount, and notify me, and I will arrange for the balance."

Does this constitute sufficient notice, under the statute, to relieve the surety from liability on the note?

The notice in the 44th O. S., 430, was as follows:

"Yours of the 12th came to hand. If you hold any note, signed by C. M. Rider and ourselves, C. M. Rider is the principal and we are only his sureties, and we notify you to commence an action on the note forthwith and proceed to collect it. Rider is able to pay his own notes. Respectfully yours."

That was held to be sufficient notice.

In the 41st O. S., 28, the notice was:

"You are hereby requested to commence action forthwith against Alexander McKee on the promissory note which you now hold against said Alexander McKee and signed by said McKee and also signed by Mr. William Clark, now deceased. Said McKee is principal debtor under said note, and said Clark was at the time of his death bound as surety."

And that notice was held to be sufficient.

In the 40th O. S., page 101, the notice was:

"You are hereby required, at once, to proceed and collect the note you hold, dated the 17th of April, 1872, for $178.50 upon which I am surety, and James Satterfield is principal; that I will stand no longer."

That notice was held sufficient.

In the 29th O. S., page 663, the notice was:

"I wish you would proceed against I. C. Nickols to collect that note on which I am bail, belonging to Mr. Brim's estate, or have it arranged for some way to release me, as I do not wish to remain his bail any longer."

That notice was held not to be sufficient.

In the 54 O. S., at page 155, the notice read:

"FINDLAY, OHIO, Dec. 16th, 1891.

"MR. C. E. NILES.

"*Dear Sir:* Unless you hear from us to the contrary by ten A. M. to-morrow, December 17th, 1891, we require you to take judgment on the D. J. McConnell note."

And that notice was held not sufficient.

From a reading of the above cases it is apparent that it is not necessary that the notice contain the exact language of the statute. It is sufficient if the notice substantially complies with the requirements of the statute. But the notice must contain the following essentials, to-wit:

(1) It must be peremptory. It must "require" the

(2) "Commencement of an action,"

(3) "Forthwith."

(4) It must be unconditional; and

(5) It must not be misleading, but should be easily understood.

"You are hereby requested" is sufficient requirement, if the context shows it to be peremptory (41 O. S., at page 35).

But, "I wish you would proceed," etc., is not, in the absence of anything in the context to indicate a peremptory order (29 O. S., 664).

"Please collect of Mr. Beers all you can of this amount, and notify me and I will arrange for the balance," is rather more

of a "wish" than a positive demand; but if it be sufficiently peremptory, it does not seem to me to require action "forthwith" within the meaning of the statute.

The Supreme Court say in the 54th O. S., on page 156—

"The notice should contain a peremptory requirement of the surety on the creditor to commence suit 'forthwith,' or some equivalent language."

In the case at bar there is nothing to indicate that the surety required the creditor to act without delay. The statute says "forthwith," and unless that term or some similar language, such as "at once" is used, to indicate that prompt action is demanded, or something in the notice shows it to be adversary, it is not sufficient, in my judgment.

In the notice in the 41st O. S., page 28, the word "forthwith" was used. That is true also of the notice in the 44th O. S., 430.

In the notice in the 40th O. S., 101, the creditor was required "at once to proceed," etc. And the notice ended with: "I will stand no longer." Which indicated that the notice was adversary.

The notice in the case at bar does not even state that Wildman was surety on the note, and from an inspection of the note that fact does not appear, and I do not think that the language of the notice indicates that it is adversary, or that it required action "forthwith" on the part of the creditor.

When the notice in this case is considered with all the correspondence which passed between the parties in reference to this matter, and which all occurred within a few days, it seems quite plain to me that it did not "require" the "commencement of an action" by the creditor "forthwith"; at least one would not easily understand it to so mean.

It is said in Boylies on Sureties and Guarantors, page 229, that:

"The direction must be clear and explicit, not liable to be misapprehended by the creditor, nor to be left to the court to grope after the meaning of the surety amongst ambiguous words."

Speaking of the notice required by this statute, the Supreme Court says: "A valid notice may be withdrawn." 41 O. S., at page 36.

To the same effect is Brandt on Suretyship, 2d Vol., 609. See also authorities there cited.

If the notice in this case was sufficient, I think this correspondence, fairly construed, was a withdrawal of the notice. At least, the whole correspondence shows the notice to be so qualified as not to be ''unconditional'' as is required by the statute (54 O. S., 155).

It is also claimed in this case that the notice is not sufficient, because it was not served upon the ''creditor'' as said statute requires; and that notice served upon the attorney of the creditor, in whose possession the note is, is not sufficient.

There are many authorities both ways on that proposition. But it is not necessary for me, in disposing of this case, to pass upon that question.

However, I am inclined to think that where a sufficient notice is served upon the attorney for the owner of the note, and it appears that the attorney then has the note in his possession, and that the attorney after having such notice purchases the note and brings suit upon it, that such notice, as against such attorney, would be sufficient.

Judgment for plaintiff.

*A. V. Andrews, W. R. Prisner,* for plaintiff.

*E. G. & H. C. Johnson* and *C. P. & L. W. Wickham,* for defendants.